BLD-341                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2978
_____

IN RE: WAYNE PETTAWAY,
                                              Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 17, 2015
Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 2, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Wayne Pettaway, a state prisoner, filed this pro se petition for a writ of mandamus

claiming that he has been "unlawfully incarcerated without the proper documentation

such [as] a commi[t]ment order or a sentencing order."  He seeks immediate release from

state prison and "redress" for his unlawful confinement.  We will deny the petition.

_____

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ, and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Pettaway is not entitled to this extraordinary relief. Pettaway is seeking an order from the District Court compelling state action with request to a state prisoner. A federal court . . . may not use a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981). Moreover, Pettaway has other adequate means to challenge his incarceration—either in state court or through a properly filed petition for habeas corpus, as appropriate.[1]

For these reasons, we will deny the mandamus petition.

---

[1] We, of course, do not make any comment on the viability of any other motion or petition for relief, including a habeas petition, that Pettaway may choose to file.